[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS BY BOTH PARTIES FOR EXCLUSIVE
CT Page 9665POSSESSION OF PREMISE
In this dissolution action which was returned to this court on July 2, 1996 both parties have filed motions seeking exclusive possession of premises presently occupied by both of them at No. 20 Southpond Road, Glastonbury, Connecticut. On October 14, 1996 the parties through their attorneys stipulated in court that plaintiff would have exclusive possession of the guest bedroom, that defendant would have exclusive possession of the master bedroom and that plaintiff would have access to the master bedroom closet for his clothing. On November 1, 1996 an all day hearing was held by this court on the original motions of both parties. A summary of the evidence submitted to this court follows:
The parties married on August 9, 1992 and have two small daughters, age five and one. They reside in a home which plaintiff owned for seven years prior to the marriage and which the parties occupied for four years prior thereto. Plaintiff, who is 52 years old, has been an orthodontist for twenty five years with offices in Rocky Hill and has a net weekly income of $4028 from both his practice and other services. Defendant, who is 31 years of age, is presently unemployed but has a guaranteed net annual income for the next eleven years of $53,350, representing her share in her father's state lottery winnings. Defendant does serve as a volunteer emergency medical technician in her community for about 12 hours each week. This dissolution action was instituted after defendant admitted certain acts of infidelity to plaintiff. In late September, 1996 the parties vacationed in Spain for 10 days in an unsuccessful attempt to reconcile. More recently, on October 25, 1996 both parties were arrested as a result of an altercation in their house. The case has been continued for six months, and defendant has complied with the court order to remove her target pistols from the premises.
With reference to the possible volatility of the present living arrangements of the parties the following is noted:
Defendant admits having had lunch with her male friend twenty times in recent months, that she has entertained him in the family home in plaintiff's absence, and that she has had CT Page 9666 a sexual relationship with him since July of this year. Family cellular telephone records reveal that defendant has made numerous calls to her friend, beginning in April, 1996. She also testified that plaintiff has never intentionally hit or struck her.
Commenting on the present agreement of the parties concerning a shared but divided occupancy of the family home, plaintiff stated that "the situation is not volatile on my behalf. We should stay put under the present circumstances. Short term I think she should have a permanent residence. I'm not frightened of her."
Defendant's view of the present arrangement not surprisingly is somewhat different. She testified that she would like her husband to move to a beach house in Clinton which he had acquired several years before the parties married. Otherwise she expressed a reluctant inclination to live there. There was conflicting evidence as to whether their vacation home was winterized. Defendant admitted having made some effort to purchase another home in Glastonbury and that she had told her husband "I need to find another home."
The parties are presently in agreement that their two children should be with their mother, and plaintiff expressed a willingness to provide financial assistance to defendant in her efforts to obtain alternative housing. Further, he also stated that it would be desirable for their older daughter to remain in the Glastonbury school system.
This court concludes that the present living arrangement of the parties with some modification is, while not ideal, the best that can be done under the present circumstances. If the claimed volatility of the situation actually exists, which has at least in part been dispelled by the evidence, it has been caused by both the long and short term conduct of the defendant. Plaintiff, however, as an assist to future harmony, should forthwith remove his clothing from the closet in the master bedroom.
It is therefore ordered as follows:
1. Defendant shall have exclusive use and possession of the master bedroom and all closets and other appurtenances thereto. CT Page 9667
2. Plaintiff shall similarly have exclusive use and possession of the guest room, it being understood that plaintiff shall within two days from the date of this order remove all of his clothing and other possessions from the master bedroom closet to a location not at present commonly shared by both parties, preferably the guest room.
3. Both parties shall make every effort to comply with the terms and spirit of this order. Neither party shall entertain a member of the opposite sex on said premises while this order is in effect.
4. This order shall continue and be in full force and effect until March 1, 1997 at which time defendant shall permanently vacate said premises.
John D. Brennan Judge Trial Referee